

**Tel (212) 227-5700**
**Fax (212) 656-1889**
_____

**www.employeejustice.com**

**Diego O. Barros, Esq.**
**Diego@norinsberglaw.com**

**Manhattan Office**
**110 East 59th Street, Suite 3200w**
**New York, NY 10022**

**Queens Office**
**69-06 Grand Avenue, 3rd Floor**
**Maspeth, NY 11378**

April 20, 2022

**VIA ECF**
Honorable Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Place East, Rm. 504N
Brooklyn, N.Y. 11201

      Re:    ***Gabor Fazekas, et al. v. Zen Restoration, Inc., et al.***
                ***Docket Number: 1:20-CV-01587-RJD-MMH***

Dear Judge Henry:

      This firm represents thirty-five (35) Plaintiffs in the above-referenced employment action. Pursuant to Rule (V)(A) of Your Honor's Individual Motion Practices and Rules, we respectfully submit this letter setting forth the basis for Plaintiffs' anticipated motion for default judgment pursuant to Fed. R. Civ. P. 55(a).

      By way of background, at the status conference on September 10, 2021, Your Honor directed the parties to file a proposed Case Management Plan and directed counsel for Defendants to appear at the next conference with all individual Defendants present. On October 25, 2021, counsel for Defendants appeared at the status conference but without the individual Defendants in attendance, which Your Honor noted "hindered further discussion of the case's progress." The Court ordered that the "individual Defendants *must* attend the next conference; failure to do so may result in sanctions." Three days after the conference, counsel for Defendants filed a motion to withdraw as Defendants' attorney. (Dkt. No. 17).

      Thereafter, on December 7, 2021, Your Honor issued an Order directing the corporate Defendants to retain new counsel by February 7, 2022. In this Order, the Court warned the corporate Defendants that they could not represent themselves *pro se* in this action. (Id.) (citing Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[W]e long have required corporations to appear through a special agent, the licensed attorney"). Further, the Court informed Defendants that failure to retain counsel would result in adverse consequences,

1

including granting Plaintiffs' anticipated motion for default judgment. (Id.) (citing Shapiro, Bernstein Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (appropriate to enter default judgment where, in violation of the district court's order, corporation refused to appear through an attorney).

Notwithstanding the Court's explicit directives, to date, Defendants have failed and refused to retain new counsel. Based on Defendants' cavalier disregard of the Court's Orders, Plaintiffs respectfully submit that a default judgment is warranted, as Defendants have thwarted Plaintiffs' ability to prosecute this action in a timely manner. See Continental Record Co., 386 F.2d at 427 ("[D]efendant was under an order of the district court to appoint counsel so that this case could proceed to trial. Without question, such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules'"). Accordingly, Plaintiffs now intend to file a motion for default judgment pursuant to Fed. R. Civ. P. 55(a).

We thank the Court for its attention to this matter.

Sincerely,

_____
Diego O. Barros, Esq.

cc: Counsel for Defendants (via ECF)