UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

GABOR FAZEKAS et al.,

                    Plaintiffs,                **MEMORANDUM & ORDER**
                                               20-CV-1587 (EK)(MMH)

          -against-

ZEN RESTORATION, INC. et al.,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          The plaintiffs in this case worked in construction for the defendants, who operate renovation and restoration businesses based in Brooklyn.  The plaintiffs assert claims for unpaid wages, overtime, and other labor law violations.  The defendants are four companies and two individuals.

          The individual defendants, Bernard and Przemyslaw Sobus, now proceeding *pro se*, move to dismiss the claims against them.  They argue that they were not "employers" of the plaintiffs under the FLSA and that the facts pled in support of plaintiffs' overtime claim are too generic.  For the reasons set forth below, the motion is denied.

## I.    Background

### A.    Factual Background

The following factual assertions are drawn from the complaint and assumed to be true for the purposes of the instant motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Plaintiffs bring this putative collective action on behalf themselves and similarly situated construction workers at the defendants' companies.[1]  Defendants Bernard and Przemyslaw Sobus[2] are "managers" of several construction businesses.  Compl. ¶¶ 2, 34, ECF No. 1.  Plaintiffs worked full time at the businesses' project sites and in their shops, doing painting, carpentry, floor repairs, stone repairs, plumbing, demolition, and millwork.  *Id.* ¶¶ 2, 54.  The construction businesses — Zen Restoration, Zen European Restoration, Primo Plumbing & HVAC, and Midway Electric — are also defendants here.  *Id.* ¶¶ 18, 24, 28, 31.

From 2014 to 2020 (when the complaint was filed in this case), the plaintiffs worked more than forty hours per week

---

[1] The full list of named plaintiffs is Gabor Fazekas; Waclaw Piatek; Roman Jeglinski; Johnny P.D. Torres; Paterek Lukasz; Luis Patricio Rodriguez Sepa; Angel Diaz; Julio M. Caraballo; Stanislaw R. Siurda; Stanislaw Kuras; Andrzej Kolano; Bogdan S. Koscielny; Slawomir Komorowski; Robert Lipski; Robert Sadowski; Henryk Sagan; Zbigniew Storczynski; Jose I. Guazhima; Prisciliano F. Guzman; Segundo Raul Pullutaci Toasa; Peter Furtkevic; Zdzislaw Daniec; Samuel Galindo; Marek Pomaski; Pieczykolan Mariusz; Bilski Lukasz; Dariusz Stopyra; Marcin Kutyla; Bartlomiej Kochanczyk; Jose Rodrigo Dota Torres; Lech S. Kunikowski; Salatiel E.C. Pasten; and Samuel G. Juarez.

[2] The complaint refers to a Przemyslaw Sobus, but subsequent filings refer to him as Thomas.  *See, e.g.*, Pls.' Letter 1, ECF No. 39.  Since the complaint refers to him as Przemyslaw, so does this order.

each week; their wages were often delayed, unpaid, or paid with bounced checks; and the defendants would regularly "shave" three to five hours off their weekly pay.  *Id.* ¶¶ 3-7.

At issue in the instant motion are the Sobuses' roles in running the businesses.  The Sobuses "actively participated in the day-to-day operations of Zen and Midway," including having "management responsibilities over Zen's construction shops and restoration projects" and either "directly supervis[ing]" or having their foremen supervise the plaintiffs. *Id.* ¶¶ 35-36, 94.  Foremen working at the Sobuses' direction would "record [the plaintiffs'] hours on timesheets" that would "not accurately reflect the hours worked," and would refuse to allow the plaintiffs to review those timesheets.  *See, e.g.*, *id.* ¶¶ 65, 70.  Some plaintiffs brought their grievances directly to the Sobuses, who responded by "increas[ing]" the "amount of bounced checks" issued.  *See, e.g., id.* ¶ 76-77.  The plaintiffs allege that the defendants labelled their workers as "independent contractors" in an attempt to circumvent compliance with the Fair Labor Standards Act ("FLSA").  *Id.* ¶ 4.

**B.  Plaintiffs' Claims**

Plaintiffs bring claims for violations of (1) the minimum wage provisions of the FLSA; (2) the requirement that employers furnish employees with prompt payment for all wages owed under the New York Labor Law ("NYLL") §§ 663(1), 191(1)(a)

3

and 191(3); (3) the overtime provisions of the FLSA; (4) the overtime provisions of the NYLL and applicable regulations; (5) the NYLL's requirement that employers furnish employees with a written statement containing specific categories of information; (6) the NYLL requirement that employers furnish employees with wage statements on each payday; and (7) the NYLL anti-retaliation provision.

The defendants move to dismiss.  They argue first that they were not the plaintiffs' "employers" under the FLSA or NYLL, and second that the plaintiffs fail to allege facts sufficient to support an overtime claim.

## II.  Legal Standard

### A.   Post-Answer Motion to Dismiss

The Sobuses moved to dismiss under Rule 12(b)(6), despite all defendants having previously answered the complaint. When a defendant files "an answer before filing [a] motion to dismiss, the motion must be deemed a motion for judgment on the pleadings pursuant to Rule 12(c)." *United States v. Pelt*, No. 11-CV-6156, 2013 WL 1173898, at *2 (E.D.N.Y. Mar. 18, 2013);[3] *accord Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 124 (2d Cir. 2001).  The Court accordingly construes

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

defendants' motion as one for judgment on the pleadings.  *E.g.*, *DeFalco v. Dechane*, 949 F. Supp. 2d 422, 428 (E.D.N.Y. 2013).[4]

**B.    Review Under Rule 12(c)**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim.  To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Lively v. WARFA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).  The pleadings the Court may consider include the complaint and the answer, but do not include evidence outside those.  *Id.* at 301-02.  "Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial."  *Id.* at 301.  In determining whether to grant the motion, the Court must "draw all reasonable inferences in the plaintiff's favor."  *Id.*

### III. Discussion

**A.    Employer-Employee Relationship Under the FLSA**

The Sobuses claim that they cannot be liable under the FLSA because the plaintiffs were not their "employees," nor were

---

[4] The defendants also cite Rule 56, but summary judgment would be premature without the benefit of discovery.  *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995).

they the plaintiffs' "employers."  Instead, they argue, the plaintiffs were all independent contractors.  Compl. ¶ 4.

This argument emerges in the Sobuses' briefs and in affidavits they submitted, neither of which are appropriately considered in this posture.  *Stewart v. Target Corp.*, No. 11-CV-3557, 2013 WL 1182080, at *4 n.4 (E.D.N.Y. Mar. 20, 2013); *see* Defs.' Reply ¶ 3, ECF No. 40 (arguing that plaintiffs were "skilled artisans employed on a project-by-project, job-by-job basis"); B. Sobus Aff. ¶ 5, ECF No. 35-1 ("Plaintiffs in this case were highly skilled experts and were employed as independent contractors"); P. Sobus Aff. ¶ 6, ECF No. 35-2 ("Plaintiffs in this case were highly skilled experts and were employed as independent contractors").  Because discovery remains ongoing, we will not consider the affidavits.  *See Kouakou v. Fideliscare New York*, 920 F. Supp. 2d 391, 396 (S.D.N.Y. 2012) (collecting cases).  To consider the affidavits would require converting the instant motion into one for summary judgment, *see id.*, and the Second Circuit has counseled that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000).  Instead, we consider whether the plaintiffs have carried their pleading burden — which is

simply to (plausibly) allege that they were the defendants'
employees, and that the defendants were their employers.

     1.   "Independent Contractors" and "Employees"

A plaintiff asserting an FLSA violation must allege,
among other things, that he functioned as the defendant's
"employee" within the meaning of the FLSA.  29 U.S.C. § 207(a).[5]

Courts look to the following factors to determine
whether a given worker functioned as an employee (rather than
independent contractor):

> (1) the degree of control exercised by the employer
> over the workers, (2) the workers' opportunity for
> profit or loss and their investment in the business,
> (3) the degree of skill and independent initiative
> required to perform the work, (4) the permanence or
> duration of the working relationship, and (5) the
> extent to which the work is an integral part of the
> employer's business.

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir.
1988) (citing *United States v. Silk*, 331 U.S. 704, 716 (1947)).
Relative to an employee, an independent contractor exercises
more discretion over multiple aspects of their work, including
having "independence to determine her schedule and income."
*Agerbrink v. Model Serv. LLC*, 787 F. App'x 22, 27 (2d Cir.
2019); *see generally Meyer v. U.S. Tennis Ass'n*, 607 F. App'x
121, 123 (2d Cir. 2015) (U.S. Open umpires were independent

---

[5] The FLSA defines the term employee, but not in a way that sheds much
light on the independent-contractor analysis.  *See* 29 U.S.C. §§ 203(e)(1),
(g) (an "employee" is "any individual employed by an employer"; to "employ"
means "to suffer or permit to work").

contractors; they were "highly skilled workers who exercise a high degree of independent initiative and control" and could decide each year whether to apply and when to work); *cf. Brock*, 840 F.3d at 1057 (nurses were employees, not contractors, despite being "free to decline a proposed referral" from the employer at any time and being permitted to hold other jobs simultaneously).[6]

"The determination of employment status is a fact-intensive inquiry, making it not suitable to resolution on a motion to dismiss." *Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 289 (S.D.N.Y. 2025). At this stage, on balance, the plaintiffs' allegations that they were employees are sufficient. They allege that they performed a multitude of jobs for the defendants, including demolition, carpentry, painting, floor installations and repairs, plumbing, stone work and fabrication. Compl. ¶¶ 2, 54. They served the defendants full time — indeed, they worked substantial overtime — for *years*. *See, e.g.*, *id.* ¶¶ 65, 81, 94, 107, 120, 133. They used the defendants' tools and equipment rather than their own. *See, e.g.*, *id.* At this stage, therefore, their allegations suffice.

---

[6] The Second Circuit upheld the determination that the *Brock* workers were employees because, among other things, their "investment in the business was negligible," they "depended entirely on referrals to find job assignments," and they "had no opportunity for profit and loss." 840 F.2d at 1059-60. As to control, the corporation for which they worked "unilaterally dictated" their hourly wage, limited their work to 40 hours per week, and supervised the nurses (by reviewing their patient notes and visiting job sites). *Id.* at 1060.

2.    "Employer" Under the FLSA

The complaint's allegations also satisfy the more traditional *Carter* test for employee status, which focuses on "economic reality."  *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984).  Under *Carter*, we consider whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* at 12.

Here, the plaintiffs allege that the Sobuses managed the businesses and directly supervised their work.  Compl. ¶¶ 35-36.  Each individual plaintiff alleges how they were supervised by the Sobuses and their foremen.  *E.g., id.* ¶ 94. The foremen "record[ed plaintiffs'] hours on timesheets," which would "not accurately reflect the hours worked," and refused to allow them to review the timesheets, ostensibly under the Sobuses' supervision or direction.  *See, e.g., id.* ¶¶ 65, 70. Some plaintiffs brought grievances directly to the Sobuses, who retaliated "by issuing . . . an increased amount of bounced checks."  *See, e.g., id.* ¶ 77.  These facts, on balance, support the second, third, and fourth *Carter* factors, which are collectively sufficient to survive at this stage, albeit not by much.  *See Perez Perez v. Escobar Constr., Inc.*, No. 23-1240, 2024 WL 3594325, at *2 (2d Cir. July 31, 2024) (plaintiff need

not plead facts to support all four *Carter* factors to state a plausible FLSA claim).  Because plaintiffs adequately plead that the Sobuses are employers under the FLSA, so too under the NYLL. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015).

**B.    FLSA Overtime Claim**

The individual defendants also challenge the plaintiffs' FLSA overtime claims.  Given the detail with which the plaintiffs state the hours and frequency of overtime worked, defendants' challenge falls short at this stage.

For an FLSA overtime claim to survive a motion to dismiss, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  It is insufficient to merely "track[] the statutory language of the FLSA, lift[] its numbers and rehash[] its formulation, but alleg[e] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *Dejesus v. HF Mgmt. Servs., Inc.*, 726 F.3d 85, 89 (2d Cir. 2013).  The plaintiff cannot simply say they worked more than forty hours per week at *some point* in their employment, but it is sufficient at the motion-to-dismiss stage to allege that plaintiffs were, during an identified period of time, "employed to work more than forty hours per week as part

of their regularly scheduled workweek."  *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 116-17 (2d Cir. 2023).  When the plaintiffs' regular schedule calls for them to work *weekly* overtime, the plaintiffs "need only allege the period of time during which they were employed."  *Id.* at 117.

Here, the plaintiffs "worked and continue to work . . . well over 40 hours each week — some without receiving any payment for wages owed and all without receiving prompt payment of wages owed or overtime compensation."  Compl. ¶ 3.  The plaintiffs offer the level of specificity that *Herrera* requires, including the duration of each plaintiff's employment, the number of hours they worked each day, the frequency with which they worked on weekends, and how many hours of overtime arose as a result.  *See, e.g.*, *id.* ¶ 66 ("Mr. Fazekas worked nine (9) hours per day, five (5) days per week, working an average of forty-five (45) hours per week — which equals five (5) hours of overtime per week."); *id.* ¶ 67 ("Defendants also required their employees to work on Saturdays when performing large-scale and/or expedited renovations.  Thus, when directed by Defendants, Mr. Fazekas worked an additional eight (8) hours of overtime per week.  At a minimum, Mr. Fazekas worked one (1) Saturday per month."); *id.* ¶¶ 82-83 (Piatek), 95-96 (Jeglinski), 108-109 (P.D. Torres), 121-122 (P. Lukasz), 134-135 (Sepa), 147-148 (Diaz), 159-160 (Caraballo), 172-173 (Siurda), 185-186

(Kuras), 198-199 (Kolano), 210-211 (Koscielny), 223-224 (Komoroswki), 237-238 (Lipski), 254 (Sadowski), 266-267 (Sagan), 280-281 (Storczynski), 297—298 (Guazhima), 310-311 (Guzman), 323-324 (Pullutaci), 336-337 (Furtkevic), 349-350 (Daniec), 362 (Galindo), 374-375 (Pomaski), 387 (Mariusz), 398 (A. Lukasz), 409 (Stopyra), 420 (Kutyla), 431 (Kochanczyk), 442 (R.D. Torres), 453 (Kunikowski), 464 (Pasten), 477 (Juarez). Therefore, they state a plausible overtime claim.

## IV.  Conclusion

For the foregoing reasons, the individual defendants' motion to dismiss, construed as a motion for judgment on the pleadings, is denied.  The Clerk of Court is respectfully directed to mail a copy of this order to the (now *pro se*) defendants, and to note the mailing on the docket.

Because the corporate defendants have failed to obtain counsel in a timely manner, the Clerk of Court is respectfully directed to enter default against them.  Local Rule 55.1(b).


SO ORDERED.


                              /s/ Eric Komitee
                              ERIC KOMITEE
                              United States District Judge


Dated:    March 23, 2026
          Brooklyn, New York